UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY RUSS,<br><br>        Plaintiff,<br><br>v.<br><br>AUDREY KING, *et al.*,<br><br>        Defendants. | Case No. 1:18-cv-00789-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF BE PERMITTED TO PROCEED ON COGNIZABLE CLAIMS AND THAT NON-COGNIZABLE CLAIMS BE DISMISSED WITH LEAVE TO AMEND<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE<br><br>ECF No. 1 |

Plaintiff, a civilly committed person, proceeds without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed June 8, 2018, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915(e). Plaintiff complains of due process violations. We have screened plaintiff's complaint and find that it states claims against defendants King and Spence. We recommend that plaintiff's remaining claims be dismissed without prejudice and that he be granted leave to amend his complaint.

I.     **STATEMENT OF FACTS**[1]

Plaintiff is civilly committed at Coalinga State Hospital ("CSH") under California's Sexually Violent Predator Act ("SVPA"). ECF No. 1 at 1. Defendant King was the executive director at CSH during the relevant period. *Id.* at 2. Defendant Van de Putte was the senior forensic psychologist at CSH. *Id.* Defendant Allenby was the interim director of the department of state hospitals. *Id.* Defendant Spence was the deputy attorney general. *Id.*

On December 19, 2013, plaintiff had an annual evaluation, conducted by Dr. Carl Bonacci, to determine if plaintiff's mental condition had so changed that he no longer met the definition of a sexually violent predator ("SVP"). *Id.* at 2 (citing Cal. Welf. & Inst. Code § 6604.9). Dr. Bonacci determined that plaintiff "no longer fit the criteria for commitment as an SVP and recommended [p]laintiff for unconditional release and discharge." *Id.* at 2-3. On January 2, 2014, the medical director of CSH sent Dr. Bonacci's evaluation of plaintiff to the Kern County Superior Court. *Id.* at 3, 11. The cover letter to the court stated: "I am in agreement with the findings and recommendation made in this report." *Id.* at 11. Plaintiff was also given a copy of Dr. Bonacci's report, which prompted him to request that CSH file for state habeas corpus relief under Cal. Welf. & Inst. Code § 6605(c). *Id.* at 3. On January 8, 2014, plaintiff met with defendant Van de Putte, and several other CSH employees, to discuss his request. *Id.* Defendant Van de Putte told plaintiff that CSH would not file a habeas petition on behalf of plaintiff. *Id.* at 3, 13.

Plaintiff complained in writing to defendant King, who advised plaintiff to file for release himself. *Id.* at 3, 13, 15. Plaintiff also complained to defendant Allenby, but his written request was forwarded to defendant King. *Id.* at 3. Defendant King responded by stating that CSH

---

[1] We draw the following facts from plaintiff's complaint, ECF No. 1, and accept them as true for screening purposes. We note that the complaint does not appear to be barred by the favorable termination rule in *Heck v. Humphrey*, 512 U.S. 477 (1994), because plaintiff's state habeas petition would prevent him from filing a federal habeas petition. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1140 (9th Cir. 2005) (recognizing "that *Heck* applies to SVPA detainees with access to habeas relief"); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (*per curiam*) (holding that federal habeas relief is not available to a plaintiff challenging a state post-conviction review process).

2

would "comply with any court order." *Id.* Thus, on March 10, 2014, plaintiff filed a writ of mandamus to compel CSH to file a habeas petition. *Id.* On February 12, 2015, the court granted the writ and ordered defendant King to file a habeas petition on plaintiff's behalf pursuant to Cal. Welf. & Inst. Code § 6605(c). *Id.*

On June 30, 2015, defendant King, represented by defendant Spence, filed the petition for habeas corpus. *Id.* at 4. Plaintiff sought to expedite the habeas process because of his liberty interest at stake and because of the one-year delay obtaining the writ of mandamus. *Id.* However, defendant Spence refused plaintiff's request and delayed the process. *Id.* Time was also "vital" to plaintiff because, around the time that the court ordered defendant King to file the habeas petition for plaintiff, CSH was in the process of obtaining another annual review of plaintiff. *Id.* This second review was ultimately submitted to the court. *Id.*

Plaintiff wrote defendant Spence multiple times seeking movement on his habeas case, but to no avail. *Id.* at 4, 24-27. On September 18, 2015, the court issued a show cause order on plaintiff's writ of habeas corpus, which noted plaintiff's April 30, 2015 review and that defendant Spence had failed to serve a necessary party to the case. *Id.* at 29-31. Ultimately, "as a result of that [April 30, 2015] evaluation," plaintiff's habeas petition was denied. *Id.* at 4.

## II. SCREENING AND PLEADING REQUIREMENTS

A district court must screen a prisoner's complaint that seeks relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not

identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

**III. DISCUSSION**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018). As for the second method, the plaintiff can establish a causal connection by showing that the defendant "set[] in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others," which the defendant "knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.*

All of the named defendants are state employees who, accepting plaintiff's allegations as true, can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))). We next consider whether plaintiff alleged

sufficient facts to satisfy the causation requirement.

Plaintiff plausibly alleges that defendants Spence and King personally participated in or caused the alleged deprivations. However, plaintiff does not plausibly allege that defendants Van de Putte and Allenby personally participated in or caused the alleged deprivations. Plaintiff alleges that defendant Van de Putte told him that CSH would not follow the law, but does not allege any facts tending to show that defendant Van de Putte caused plaintiff's deprivations. Similarly, regarding defendant Allenby, plaintiff alleges that he failed to respond to a communication. These allegations do not satisfy the causation requirement of § 1983 because the alleged actions of these defendants were not "the moving force of the behind the constitutional violation." *Navarro v. Herndon*, 2016 WL 8731088, at *13 (E.D. Cal. Mar. 25, 2016) (citing *Williams v. Ellington*, 936 F.2d 881, 884-85 (9th Cir. 1991)). Accordingly, plaintiff fails to allege causation for defendants Van de Putte and Allenby as required to bring a claim under § 1983. Plaintiff will be given leave to amend his complaint.

The remaining question is whether defendants King and Spence's alleged actions violated federal law. Plaintiff seeks to bring claims for violations of due process.

**A. Procedural Due Process**

Plaintiff claims that his liberty interest in not being detained without due process was violated: (1) when defendant King refused to file a habeas petition for plaintiff's release, which caused plaintiff to file for a writ of mandamus; (2) when defendants King and Spence delayed filing the petition even after a court mandate and refused to seek expedited proceedings despite the significant time lost obtaining the mandate; and, (3) when defendants King and Spence used the delay to submit plaintiff's April 30, 2015 evaluation to the court. The Due Process Clause protects individuals from deprivations of liberty without due process of law. U.S. Const. amend. XIV. A procedural due process claim consists of two parts: (1) a life, liberty, or property interest that has been subject to interference by the state; and (2) constitutionally insufficient procedures attendant upon the deprivation. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1990). The required procedural protections vary depending upon the circumstances. *See*

*Wilkinson v. Austin*, 545 U.S. 209, 224 (2005).

Plaintiff has a strong liberty interest in not being detained. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (recognizing that civil commitment is a "significant deprivation" of liberty). Thus, the remaining issue is whether plaintiff was subjected to constitutionally insufficient procedures. The SVPA, as written, has been upheld against due process challenges. *See Hubbart v. Knapp*, 379 F.3d 773, 781 (9th Cir. 2004). However, plaintiff does not make a facial challenge to the statute. He argues that the process he received was not in accordance with the SVPA, or, alternatively, that the process he received was unconstitutional under the SVPA as applied in his case. At this screening stage, we find that plaintiff has sufficiently stated a claim that his procedural due process rights were violated by defendants King and Spence.

**IV.    CONCLUSION**

The court has screened plaintiff's complaint and finds that plaintiff has stated a procedural due process claim against defendants King and Spence. We recommend that plaintiff's remaining claims be dismissed without prejudice and that plaintiff be granted leave to amend the complaint.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *See id.* at 677. Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added). Plaintiff should note that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of plaintiff's rights. Plaintiff should also describe any harm he suffered from the violation of his rights. Plaintiff should not fundamentally alter his complaint or add unrelated issues. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different

defendants belong in different suits . . . .").

Any amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

## IV. ORDER

The clerk of court is directed to assign this case to a district judge, who will preside over this case. The undersigned will remain as the magistrate judge assigned to the case.

## V. RECOMMENDATIONS

Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). No defendant has appeared or consented to a magistrate judge's jurisdiction, so any dismissal of a claim requires an order from a district judge. *Id.* Thus, the undersigned submits the following findings and recommendations to a United States District Judge under 28 U.S.C. § 636(b)(l):

1. Plaintiff states a procedural due process claim against defendants King and Spence.
2. Plaintiff's remaining claims and all other defendants should be dismissed without prejudice, and plaintiff should be granted leave to amend the complaint.
3. If plaintiff files an amended complaint, defendants Van de Putte and Allenby need not respond until the court screens the amended complaint.

Within fourteen days of service of these findings and recommendations, the parties may file written objections with the court. If the parties file such objections, they should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver

of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     April 12, 2019                                              /s/ Jeremy Peterson
                                                                    UNITED STATES MAGISTRATE JUDGE

No. 204